**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**UNITED STATES OF AMERICA**

-vs-  Case No.  5:08-cr-7-Oc-31GRJ

**LUCMON JOSEPH**
**STEVE SMITH**

---

**ORDER**

Defendant, Steve Smith ("Defendant" or "Smith"), and Co-Defendant, Lucmon Joseph, were indicted on two counts of making fraudulent statements to a federally-insured bank (Doc. 45). The Court granted Lucmon Joseph's Motion to Sever (Doc. 53) and Smith's case proceeded to trial before a jury on August 18, 2008. On August 22, 2008, the jury returned a verdict of guilty on both counts (Doc. 76).[1] Smith filed a timely Motion for Judgment of Acquittal (the "Motion") (Doc. 98), which the government has opposed (Doc. 108).

Defendant has raised three points of consideration in his Motion. The Court addresses each point, *infra*.

---

[1] Lucmon Joseph was subsequently tried and also found guilty.

*Point 1*

In his Motion, Defendant contends that the Court erred by summarizing the indictment while charging the jury. Because of the severance, the Court read a redacted version of the indictment to the jury so as to avoid prejudice to the Defendant.[2] There was nothing improper about doing so. *See*, *e.g.*, *U.S. v. Dunham Concrete Prods., Inc.*, 475 F. 2d 1241, 1250-51 (5th Cir. 1973). Nor could it have been prejudicial to Defendant because the Court clearly instructed the jury, on more than one occasion, that the indictment was not evidence of guilt, but merely the written charges brought against him.

Defendant also contends that there was insufficient evidence presented at trial to support the legal instruction of aiding and abetting pursuant to 18 U.S.C. § 2. However, 18 U.S.C. § 2 is not a substantive offense, but rather an agency principle which may give rise to a substantive offense. Given the relationship between the Defendant and the Co-Defendant, the aiding and abetting charge was clearly proper.

Finally, Defendant argues that the Court should have given a negative inference charge as a result of the failure of the taping equipment to record the final portion of the "closing" attended by Smith. The Court declined to give such a charge and that ruling was proper. There was no evidence that the Government engaged in any intentional misconduct in this regard. *See*, *e.g.*,

---

[2]It is a long-standing practice in this Court to send a copy of the indictment to the jury room as an aid in its deliberations.

*Penalty Kick Mgmt., Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1294-95 (11th Cir. 2003). It was simply a malfunction of the equipment. Moreover, the balance of the "closing" was memorialized in the audio recording and that portion of the recording was complete. Thus, there was no prejudice to Defendant and no basis for such an instruction.

*Point 2*

Defendant objects to the admission into evidence of the three critical documents upon which this case was based.[3] These documents were submitted by the Defendants to the bank in connection with their attempt to obtain financing. As such, they were clearly admissible and Defendant's objection is entirely without merit.

*Point 3*

During his rebuttal argument, the prosecutor made a comment to the effect that "...now we know why we are currently in the position we are today with all the foreclosures and bank failures...because of people like Mr. Smith." This statement was clearly improper. However, it was not prejudicial because, given the strength of the evidence against Defendant, it is highly unlikely that, but for this remark, the outcome of the trial would been different. The following are the four factors to consider in determining whether improper remarks had a reasonable probability to change the outcome of a trial: (1) the degree to which the challenged remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether they are isolated or extensive; (3) whether they were deliberately or accidentally placed before the jury; and (4) the strength of the competent proof to establish the guilt of the accused. *Davis v. Zant*, 36 F.3d 1538, 1546 (11th Cir. 1994)(citations omitted).

The prosecutor's statement was an isolated comment made during her rebuttal closing,

---

[3] The two contracts submitted to the bank and Defendant Smith's financial statement.

and Defendant made no objection thereto. There was no extensive attempt by the Government to portray Defendant as the cause of our country's present economic downturn. It was an inadvertent comment made in the heat of argument. While the comment was improper, the Court does not believe it was a deliberate attempt to inflame the jury. Finally, given the strength of the evidence against Defendant, the remark likely had no effect on the jury's guilty verdict.

## Conclusion

"After the government closes its evidence or after the close of all evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29. Under this rule, however, the Government need only produce evidence sufficient for "*any* rational trier of fact [to find all] the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Indeed, all reasonable inferences must be drawn in favor the Government on a motion for judgment of acquittal. *See*, *e.g.*, *United States v. Perez-Tosta*, 36 F.3d 1552, 1556-57 (11th Cir. 1994). Where the Government seeks to prove its case through circumstantial evidence, that evidence must create "a reasonable inference, and not a speculation, of guilt." *United States v. Villegas*, 911 F.2d 623, 628 (11th Cir. 1990). Regardless of whether the evidence is direct or circumstantial,

> It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. The jury is free to choose among reasonable constructions of the evidence.

*Id.* at 628-29 (quoting *United States v. Hardy*, 895 F.2d 1331, 1334 (11th Cir. 1990)).

Upon thorough review, there was more than sufficient evidence presented from which a jury could conclude, beyond a reasonable doubt, that Defendant made a false statement to the bank with the purpose of obtaining a mortgage loan.

Accordingly, it is **ORDERED** that Defendant's, Steve Smith, Motion for Judgment of Acquittal (Doc. 98) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 24, 2008.

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendants

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE